THOMAS BUCK, APPELLANT, *v.* MRS. ALEXANDER
MOORE, RESPONDENT.

*Damages occasioned by the act of a dog — when the owner is not liable therefor*

While the defendant's dog was following her along the street it ran into an
adjoining yard and there seized and killed the plaintiff's dog.

*Held,* that as the act of the defendant's dog was not attributable to any active or
passive volition on the part of the defendant, she was not liable for the dam-
ages thereby occasioned to the plaintiff.

APPEAL from a judgment of the County Court of Queens county,
reversing a judgment of a justice of the peace in favor of the
plaintiff.

*Albert W. Seaman,* for the appellant.

*M. Compton,* for the respondent.

DYKMAN, J.:

The plaintiff in this action was the owner of a small dog. The
defendant was the owner of a large dog. While the defendant's
dog was following her along the street, he went into the yard of the
plaintiff and seized his dog and killed it. The action is for damage
resulting from the death of the plaintiff's dog. A judgment was
obtained by the plaintiff in the court of a justice of the peace where
the action was commenced and tried, which was reversed by the
county court on appeal, and now the plaintiff has appealed to this
court.

It must be noticed in the outset that the action is not for trespass
on the plaintiff's close, aggravated by the mischief done thereon,
but is simply for the damage sustained by the death of the dog.
The case, therefore, seems to fall within rule three of Moak's
Underhill on Torts. " No person is legally responsible for any act
or omission not attributable to active or passive volition on his
part." In other language, no person is responsible for an involun-
tary injury. If, while following its owner along a highway, a dog
discovers game and follows it, the owner is not liable. By the
common law the owner of a dog that worried and killed sheep
was not responsible for the damage done, and it required a statute

in our State to create such liability. The reason of this rule was that the killing and worrying of sheep could not be anticipated or expected to result from a dog running at large. That rule applies here. The defendant could not know or believe that her dog would kill or injure the dog of this plaintiff, simply because she permitted her dog to follow her along the street.

The judgment of the county court should be affirmed, with costs.

BARNARD, P. J., concurred in the result.

Judgment of County Court affirmed, with costs.